Matter of Hayes (2022 NY Slip Op 04781)

Matter of Hayes

2022 NY Slip Op 04781

Decided on August 02, 2022

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 02, 2022
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Cynthia S. Kern,J.P.,
Angela M. Mazzarelli
Ellen Gesmer
Jeffrey K. Oing
Peter H. Moulton, JJ.

Motion No. 2022-02072 Case No. 2022-02115 

[*1]In the Matter of Pamela D. Hayes, (Admitted as Pamela Denise Hayes), an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Pamela D. Hayes, (OCA Atty Reg. No. 2072940.), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on June 16, 1986.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Kevin P. Culley, of counsel), for petitioner.
Respondent, pro se.
Per Curiam 

Respondent Pamela D. Hayes was admitted to the practice of law in the State of New York by the First Judicial Department on June 16, 1986, under the name Pamela Denise Hayes. At all times relevant to this proceeding, respondent maintained an office within the First Judicial Department.
The Attorney Grievance Committee (AGC) seeks an order, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a)(2) and (5), immediately suspending respondent from the practice of law until further order of this Court, based on, inter alia, admissions under oath and bank records evidencing her conversion and/or misappropriation of a purchaser's down payment in an aborted real estate transaction.
In 2015, respondent was retained to arrange and handle the sale of a property located in Queens County. In January 2016, a potential purchaser remitted a down payment, which respondent deposited into her escrow account. The transaction never closed. However, bank records show that between July 2017 and November 2019, respondent repeatedly invaded the purchaser's down payment.
In January 2020, the Lawyers' Fund for Client Protection notified the AGC that a $5,000 check issued from respondent's IOLA account on November 27, 2019, was dishonored due to insufficient funds. The AGC requested that respondent submit a written answer explaining the reason for the dishonored check and directed her to produce specified bookkeeping records for the six-month period preceding the date of the check at issue, which she is obligated to maintain under Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15(d)(1). By an affirmation and supplemental response, respondent asserted, inter alia, that the dishonored check was attributable to complications with the real estate transaction at issue and a bookkeeping related error on her part, but that the intended third party had ultimately received the funds they were owed.
The AGC subpoenaed respondent's escrow account records directly from her bank and she appeared before the AGC on September 28, 2021, for an examination under oath.
During the examination under oath, respondent did not provide credible corroborating evidence to support her claim that some of the withdrawals were for expenses related to her client. During the period at issue, respondent made check disbursements to herself and made cash withdrawals from her escrow account, which is prohibited under rule 1.15(e).
22 NYCRR 1240.9(a) authorizes the Court to issue an interim suspension "upon a finding by the Court that the respondent has engaged in conduct immediately threatening the public interest. Such a finding may be based upon: (2) the respondent's admission under oath to the commission of professional misconduct or (5) other uncontroverted evidence of professional misconduct."
The AGC argues that respondent misappropriated her client's funds and [*2]converted it to her own use, warranting interim suspension. Respondent states that an interim suspension would adversely affect her clients. She admits that some monies were for her own use, but some were payable to others on unrelated matters. In reply, the AGC states that respondent's testimony is evidence that she is unfamiliar with the rules of professional conduct.
This Court finds that respondent's bank records, deposition testimony, and written submissions to the AGC, are undisputed evidence that she converted and/or misappropriated the down payment, warranting her immediate suspension from the practice of law.
Accordingly, the AGC's motion should be granted, and respondent is suspended from the practice of law, effective immediately, and until further order of this Court.
All concur.
IT IS ORDERED that the Attorney Grievance Committee's motion is granted and respondent, Pamela D. Hayes, admitted as Pamela Denise Hayes, is suspended from the practice of law in the State of New York, pursuant to 22 NYCRR § 1240.9(a)(2) and (5), effective immediately, until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court, and
IT IS FURTHER ORDERED that, pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, respondent Pamela D. Hayes, admitted as Pamela Denise Hayes, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and,
IT IS FURTHER ORDERED that respondent Pamela D. Hayes, admitted as Pamela Denise Hayes, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made a part hereof; and
IT IS FURTHER ORDERED that, within 20 days of the date of service of this decision, respondent Pamela D. Hayes, admitted as Pamela Denise Hayes, may submit a request, in writing, to this Court for a post-suspension hearing (see 22 NYCRR 1240.9 [c]), and
IT IS FURTHER ORDERED that if respondent Pamela D. Hayes, admitted as Pamela Denise Hayes, has been issued a secure pass by the Office of Court Administration, it shall be returned to the issuing agency.
Entered: August 2, 2022